No. 6675.    DECEMBER 15, 1928.

*H. J. Lawrence,* for plaintiffs.    *Wade H. Watson,* for defendants.

REDDING *v.* THE STATE.

No. 6709.    DECEMBER 15, 1928.

*J. P. Atkinson* and *N. F. Culpepper,* for plaintiff in error.

*George M. Napier, attorney-general, W. Y. Atkinson, solicitor-general, T. R. Gress, assistant attorney-general, J. F. Hatchett,* and *W. E. Smith,* contra.

GILBERT, J. ■ One special ground of the motion for new trial complains that in Coweta superior court the accused was tried on a certified copy of the original indictment; that the original indictment had not been transmitted by the clerk of Meriwether superior court. The record shows that the true bill had been returned in Meriwether County, and that there had been a mistrial in that county; that on application of Redding, the accused, after such mistrial, the venue of the case had been changed to Coweta County, and the clerk of the superior court of Meriwether County had been ordered to "send to the superior court of Coweta County a transcript of the order for the change of venue, the evidence before the court of inquiry, if any, the indictment found by the grand jury, and a list of the witnesses subpœnaed in the case, and all other papers connected with the case." The clerk sent a certified copy, instead of the original indictment. No objection was made, on the call of the case in Coweta County, to the accused being tried on the certified copy of the indictment. According to the bill of exceptions, on the call of the case both parties announced ready, a jury was stricken, both parties introduced evidence, argument of

the case was had, and the court charged the jury, after which the jury considered the case and returned a verdict of guilty, and the court pronounced sentence as provided by law. So far as the bill of exceptions and the record disclose, nothing had been said to the court, and no point had been made, with regard to the original indictment not being in Coweta superior court, or to being tried on the certified copy. The complaint was made only after the trial had ended, and in the motion for a new trial. The objection came too late, and can avail movant nothing. He can not submit without protest to the trial, take and receive the benefit of the chance of a verdict in his favor, and after an adverse finding complain that he should have been tried on the original indictment. It is not suggested that the original indictment does not exist, or that it is invalid, or that there is any variance between the original and the copy. In *Graham* v. *State,* 143 *Ga.* 440 (85 S. E. 328, Ann. Cas. 1917A, 595), the defendant, when the case was called for trial, objected to being tried on a copy of the indictment, and it was held that it was error to overrule the objection.

■ Another ground of the motion complains as follows: "Said copy of said original true bill of indictment fails to set forth anywhere at any place the language and words on the front page of the back of said indictment, and thus it fails to set forth and to show that the grand jury of Meriwether County found and returned to the superior court of Meriwether County a true bill; and movant avers that there is no record and there is no proof in Coweta superior court, and there was none such when movant was tried under the charge of killing and murdering W. H. Callaway, that any true bill of indictment had ever been found and returned against him in Meriwether superior court. Movant shows that the clerk of the superior court of Meriwether County, after making a copy as aforesaid of the language on the inside of the indictment that was returned by the grand jury of Meriwether County to Meriwether superior court, wrote thereunder the words, 'Witness, J. E. Collier,' and following these words this language appears: 'The defendant, Marshall Redding, waives copy of bill of indictment, list of witnesses sworn before the grand jury, and arraignment, and pleads not guilty. This 28th day of November, 1927. Frank Hatchett, W. E. Smith & Wm. Y. Atkinson, Sol. Genl.; N. F. Culpepper, J. P. Atkinson, defendant's attorney.' Then

follows this language: 'The State vs. Marshall Redding. Murder in Meriwether superior court, November Adj. Term, 1927. It appearing that the jury is unable to agree on a verdict in above-stated case, it is therefore ordered that a mistrial be and the same is hereby declared. This December 1, 1927. C. E. Roop, J. S. C. C. C.' Then follows a certificate in this language: 'Georgia, Meriwether County. I, L. C. Clark, clerk of the superior court of said county, do hereby certify that the two attached pages of writing is a true and correct copy of the original indictment, plea of not guilty, and order declaring a mistrial in said case, as appears of record in this office. Said case being the State vs. Marshall Redding, charged with the offence of murder. Given under my hand and official seal. This February 16th, 1928. L. C. Clark (L. S.), clerk superior court, Meriwether County, Georgia.' Movant avers that on said certified copy of indictment and said certified copy of issue joined, and said certified copy of order declaring mistrial, and on said certificate appears a back on which said back is written the following language: 'No. 691, page 174, Coweta superior court, March Adj. Term, 1928. The State vs. Marshall Redding, Murder. Certified copy of true bill from Meriwether County, Ga. Change of venue granted to Coweta superior court. Received and filed in office this April 27, 1928. L. Turner, clerk. Min. L, page 430-432.' Movant avers that neither he nor his counsel joined any issue in Coweta superior court on any true bill of indictment or any copy thereof, and he avers that they were not called upon nor requested to do so, and that this matter was only referred to and mentioned as follows: Mr. Wm. Y. Atkinson, solicitor-general, stated in open court to the court, when the court ordered the trial to proceed: 'Issue has not been joined,' and the court replied: 'It is not necessary. Issue has already been joined in this case.' And movant shows that the records and certified copies of records in Coweta superior court, now and at the time said Marshall Redding was tried for murder of W. H. Callaway, do not show that any true bill of indictment was ever made by any grand jury, or returned by any grand jury either to Meriwether superior court or Coweta superior court, and that said original bill of indictment in Meriwether superior court was never sent to Coweta superior court. Movant shows that said certified copy of indictment appears all to be written and typed on one page, and

that the same has no words written on the back thereof, except the verdict made and returned by the jury finding the movant, Marshall Redding, guilty, which appears written across the back of said copy of said indictment so certified by the said clerk of Meriwether superior court. Movant insists that it was illegal and contrary to law for him to have been put upon trial on the records and copies of records and certified copies as set forth in this ground of amended motion for new trial, and in the absence of any true bill of indictment that may have been found and returned against him in Meriwether superior court, charging him with the murder of W. H. Callaway. And movant insists that he should have been put upon trial under the original indictment returned against him by the grand jurors of Meriwether County, and which was originally returned to Meriwether superior court, and that the verdict of the jury as made by the jury when he was tried in Coweta superior court should have been entered upon said original indictment. The failure to do all of which movant insists was error, and by reason of which movant insists that the verdict rendered against him in Coweta superior court, and the judgment rendered against him based thereon, is null and void. Movant avers that the court in his charge to the jury recited that at the November special term, 1927, the grand jury of Meriwether County returned a true bill against Marshall Redding, charging him with the offense of murder, and that Marshall Redding entered his plea of not guilty thereof, and that the charge preferred by the grand jury of Meriwether County in this indictment and the defendant's denial of that charge makes the issue, and that the indictment is not evidence and should not be considered as evidence; and movant shows that while the court so instructed the jury, that his facts and recitals concerning said original indictment are true as stated in this ground, and that the court was in error so far as any inference might be drawn from this charge that the original indictment was in Coweta superior court." From what has been here quoted it definitely appears that an original true bill of indictment was returned by the grand jury. It also appears that issue was joined, with no point being made as to the validity of the indictment. This was done in the superior court of Meriwether County on the first call of the case and before the change of venue was sought and obtained. The court did not err in his charge to the jury that the

Meriwether grand jury had returned a true bill, and that Marshall Redding entered a plea of not guilty, and that the charge preferred by the grand jury and the defendant's plea of not guilty made the issue, and that the indictment was not evidence. These instructions were not erroneous. The facts set out in this ground of the motion themselves show that the court stated uncontradicted facts; otherwise movant should have objected to being then and there tried. *Howell* v. *State*, 162 *Ga.* 14, 17 (134 S. E. 59).

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*